MARKMAN, J.
Defendant has moved for Justice HATHAWAY’s disqualification, arguing that “her spouse has an interest that could be substantially affected by the outcome of the proceedings.” Justice HATHAWAY now denies this motion, concluding that she has “no personal bias or prejudice,” that there is “no appearance of impropriety,” and that there is “nothing alleged . . . that would cause any reasonable person to believe that there is a significant and disproportionate influence being asserted upon me,” with little to no explanation. This decision must be viewed against a backdrop in which Justice HATHAWAY has been free in her criticism of other justices for their disqualification decisions. (For example, assert *67 ing that the former Chief Justice of this Court was a “walking conflict of interest” because his wife worked for the Governor’s office; stating that “our Supreme Court is not being fair and impartial...[;] they are not recusing themselves and that is the problem; we need judges who are going to be fair and impartial in rendering their decisions and that is not happening”; and proclaiming that, “I have, and I will continue to disqualify myself whenever there is the appearance of impropriety.”)[1] Justice Hathaway has also supported this Court’s decision to propose new procedures that would require disqualification whenever there is an “appearance of impropriety.” ADM File No. 2009-4; see 483 Mich 1205 (2009). Finally, the United States Supreme Court’s decision a few weeks ago in Caperton v A T Massey Coal Co, Inc, 556 US _ ; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), held that disqualification must now be determined on the basis of “objective standards.” Given this backdrop, it is difficult to understand why Justice HATHAWAY believes that her conclusory response to defendant’s motion is sufficient. Contrary to her justification for her unwillingness to explain her position (“I will not participate in this Court’s practice of engaging in responses to comments of others that are inappropriate and unnecessary. This Court should discontinue devoting the state’s limited resources to unproductive colloquy.”), it is hardly to take the high ground for a justice to decline to address questions that have been raised by the parties and by other justices, and that are a direct outgrowth of that justice’s own reform proposals, her own past criticisms of other justices, and a recent decision of the United States Supreme Court. Given that *68 Caperton was decided just a few weeks ago, and in fairness to the parties, I would direct the filing of supplemental briefs. Among the questions I would direct the parties to address are whether all justices must now participate in deciding another justice’s disqualification and whether the justice who is the object of disqualification may even participate. Absent such briefing, I am not yet prepared to deviate from this Court’s practice of 172 years to the contrary. Therefore, I neither participate in nor address the merits of Justice Hathaway’s decision not to grant defendant’s motion.

 <http://www.youtube.com/watch?v=_7woWJI)klQg> (accessed June 18, 2009); Interview with Lansing State Journal, October 17, 2008; and League of Woman Voters of Michigan Voter Guide 2008 <http://www.lwvmi.org/documents/LWV08SupremeCourt.pdf> (accessed June 18, 2009), respectively.